Filed 11/16/22  P. v. Resendiz CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOEL ISAIAS RESENDIZ,<br><br>  Defendant and Appellant. | D080148<br><br><br>(Super. Ct. No. SCD290583) |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Joel Isaias Resendiz of assault with force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)); inflicting corporal injury (§ 273.5, subd. (a)); and petty theft (§ 484).  The jury also found the

---

1    All further statutory references are to the Penal Code unless otherwise stated.

victim was a person within the meaning of section 1203.097, subdivision (a). Resendiz was granted probation subject to 120 days in custody among other conditions.

Resendiz filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Resendiz the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has provided an accurate summary of the facts of the offenses in the opening brief. We will adopt that summary here for convenience.

"PROSECUTION EVIDENCE

"Leslie T. dated Resendiz from May 20, 2020 to February 2021. In 2021, she was 22 years old. In January 2021, Leslie learned that she was pregnant with Resendiz's baby.

"On February 19, 2021, Resendiz had told Leslie he would push her down the stairs of his two-story apartment.

"On February 21, 2021, Resendiz contacted Leslie by telephone. He was upset that she had gone out the previous night with friends. The conversation ended when Resendiz stated, "I'm going to kill the baby."

"Thirty minutes later, Resendiz arrived uninvited to the apartment Leslie shared with her mother. He was calm at that time. After Leslie allowed Resendiz to use the restroom inside, he returned outside. They talked through the screen door. After Resendiz became angry, Leslie closed the front door.

2

"Resendiz banged on the window for several minutes.  Leslie alleged that Resendiz stated that he would break the window, and that he eventually did break the window.

"Leslie began recording Resendiz with her phone.  He crawled through the window and pointed a piece of broken glass at her before taking her phone.  They continued arguing.

"Resendiz picked Leslie up and dropped her to the ground.  After she ran away, he picked her up again and threw her to the ground.  While she was on the ground, he put his knees on her elbows.

"After Leslie wriggled away and went to the kitchen, Resendiz grabbed her neck from behind with his forearm choked her for 10 to 15 seconds.  She was unable to breathe or talk.  She pushed him away and ran outside.  He followed her and told her to come back inside.

"The argument resumed when they returned inside.  Resendiz picked Leslie up for the third time and then threw her across the room, causing her right leg to hit the sofa.

"After Leslie's leg hit the couch, Resendiz ran away.

"During the incident, Leslie's neighbor called 911.  The police arrived within 10 minutes of Resendiz leaving the area.  Leslie was taken to the emergency room, where she was discharged after six hours.  She experienced pain at the back of her head and to her right leg.  She also had a sore throat and difficulty swallowing.

"A forensic nurse observed bruising along Leslie's jawline  and an abrasion inside her mouth; these injuries were consistent with a person's fight-or-flight response to manual strangulation.  Leslie also complained of a headache, which also is a common symptom resulting from a chokehold.  Additional symptoms such as a sore throat, gravelly voice, and difficulty

3

swallowing are also consistent with strangulation and could be indicative of internal swelling even if the outward appearance of the neck appears normal. According to the nurse, application of force to a person's neck for about ten seconds could cause internal injury and lead to death.

"Leslie also had an abrasion on her neck, which might have been caused by a necklace she was wearing  A bruise also was observed on Leslie's right leg.

"Leslie never recovered her phone, which she had paid $700 to purchase.

"In November 2021, Leslie posted a video to Instagram titled, "The truth about my abuser"; she tagged Resendiz's social media accounts.

"DEFENSE EVIDENCE

"In February 2021, Resendiz was 21 years old.  He is [five feet six inches] and at that time weighed about 125 or 130 pounds.

"On February 21, 2021, Resendiz told Leslie that he wanted to talk. During their conversation outside her apartment, he raised the issue of suspected infidelity.  When she closed the door on him, he knocked on her window.  He never threatened to break the window and didn't intend to break the window; it was an accident.

"When Leslie began recording their argument, he became concerned that she would post the video to social media.  He entered her apartment so that he could delete the video.  When she wouldn't reveal her password, he put the phone in his pocket.  She grabbed his shirt, kneed his genital area, and scratched him.

"Resendiz briefly left the apartment but returned when Leslie said she would provide the password to her phone.  But he left after she became more aggressive.  When he drove away, he threw her phone out of the window.

4

"Resendiz denied making any threats and maintained that he never threw her to the ground or strangled her. He insisted that he never touched her at all."

DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified several possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the trial court prejudicially erred by admitting evidence of an alleged prior threat to kill an unborn child under Evidence Code section 1109.

2. Whether the trial court prejudicially erred by overruling a defense objection to the prosecutor's closing argument that the defense had tried to "hide the ball."

3. Whether the trial court erred by overruling the defense objection to the electronic search condition of probation.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Resendiz on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.